Salvio Durán Vázquez, Plaintiff, *v.* Heirs of Emilio B. Durán, his widow Monserrate Rivera and his sister Ana Inés Durán, Defendants and Appellees; Juan José Gerardino and Joaquín Ortiz, Sureties and Appellants.

No. 8152. Argued February 6, 1941.—Decided February 14, 1941.

*Felipe Colón Díaz,* for appellants; *Fernando B. Fornaris,* for appellees.

Mr. Justice Travieso delivered the opinion of the Court.

Salvio Durán filed suit against the heirs of Emilio B. Durán, requesting that the will of deceased be annulled. The defendants asked that the plaintiff be ordered to give bond to guarantee payment of the costs in favor of defendants, as the plaintiff did not reside in Puerto Rico; and the court having so ordered, Juan José Gerardino and Joaquín Ortiz gave bond for $1,000. The judgment of the District Court of Ponce dismissing the complaint and awarding costs to the defendants, was affirmed by this Court on July 30, 1938, (53 P.R.R. 714).

On December 14, 1938, the lower court approved the memorandum of costs filed by defendants and condemned the plain-

tiff Salvio Durán to pay $926 as costs and attorney's fees. The appeal filed by Durán was dismissed by this court on November 17, 1939, because it was frivolous (55 P.R.R. 615).

On December 5, 1939, the defendant-heirs filed a motion in the lower court requesting that the sureties be ordered by the court to deposit in the office of the clerk of the court within 5 days after being notified of said order, the sum of $926, plus interest from December 14, 1939, amounting to $54, that is, a total of $980. After the court had issued an order as prayed for by the motion, the sureties were notified by the marshal on December 11, 1939.

On December 15, 1939, both sureties appeared in the lower court, and in opposition to the request made upon them, alleged that the order through which they were summoned to deposit the amount of the costs guaranteed by them was null and void: (a) because the sureties were not a party to the suit in which judgment was rendered against Durán; (b) because the motion filed by the defendant-heirs was not sworn, as required by Section 309 of the Code of Civil Procedure (1933 ed.); (c) because the summons served by the marshal upon the sureties was not accompanied by the sworn statement required by the above cited Section 309. On January 25, 1940, the lower court dismissed the sureties' opposition and granted the motion filed by the defendant-heirs. On the 30th of the same month the sureties requested the reconsideration of the decision of January 25, 1940, for the following reasons: (a) That the motion which served as the basis for the order requiring the sureties to pay was not duly sworn; (b) that a copy of said motion was not served upon the sureties; (c) that the bond given in this case was solidary in character; and as the sureties were jointly liable they should have been notified in accordance with the provisions of Section 307 et seq. of the Code of Civil Procedure; and (d) that the sureties were condemned to pay without being heard and without applying to them the due process of law provided

for by the Federal Constitution, the Organic Act and the laws of Puerto Rico.

After the reconsideration had been denied, the sureties appealed. In their brief they maintain that the lower court erred when it denied the opposition filed by the sureties; when it condemned them to pay without having been a party in the main suit and without having heard them before issuing the order appealed from; and when it issued the order to pay against the sureties, requesting them to deposit jointly and severally the total amount of the costs.

■ The obligation contracted by the appellant-sureties, as it appears from the bond, is the following:

"Therefore, we, Juan José Gerardino and Joaquín Ortiz, residents of the Judicial District of Ponce, P. R., and in accordance with the order copied above, freely and voluntarily guarantee jointly and severally the obligation which the plaintiff Salvio Durán Vázquez has contracted by the instant bond, answering for the sum of $1,000 or whatever part of it may be necessary to cover the payment of the costs and expenses, including those attorney's fees which might be imposed on the plaintiff in the judgment which eventually may be rendered in this suit."

Sections 307, 308 and 309 of the Code of Civil Procedure, on which appellants base their argument, read as follows:

"Section 307.—When a judgment is recovered against one or more of several persons, jointly indebted upon an obligation by proceeding as provided in section 96, those who were not originally served with the summons, and did not appear in the action, may be summoned to show cause why they should not be bound by the judgment in the same manner as though they had been originally served with the summons.

"Section 308.—The summons, as provided in the last section, must describe the judgment, and require the person summoned to show cause why he should not be bound by it, and must be served in the same manner, and returnable within the same time as the original summons. It is not necessary to file a new complaint.

"Section 309.—The summons must be accompanied by an affidavit of the plaintiff, his agent, representative or attorney, that the judg-

ment, or some part thereof, remains unsatisfied, and must specify the amount due thereon.''

As may be seen merely by reading them, said Sections prescribe the proceeding which must be followed in an action filed against two or more defendants liable jointly and severally for a contractual obligation, when other defendants have not been summoned, in order to summon the defendants who were not made a party to the suit and who did not appear voluntarily, requesting them to show cause why they should not be compelled to pay the amount granted by the judgment.

The above cited Sections are not applicable, in our opinion, to a case like the one at bar. The appellant-sureties were not liable jointly nor severally for a contractual obligation in the suit requesting that a will be annulled, brought by the plaintiff against the heirs of Durán. They were not members of the succession against whom the complaint was filed and they could not have been made a party to the action and summoned when the suit was begun. Said appellants appeared in the suit voluntarily as sureties for the plaintiff, assuming liability *jointly and severally* for the payment of the costs which might be imposed on said party.

In accordance with the decisions which we have examined, it has been held in some jurisdictions that when a surety assumes liability for the payment of costs he becomes a party litigant and is as effectively bound by the judgment as if he were one of the original parties to the suit. In other jurisdictions, by statutory provision or judicial decision, a writ of execution is issued against a surety as soon as judgment has been rendered without necessity of any other notice. See: 20 C. J. Sec. 181, p. 413.

Even when in our opinion the more correct procedure is the issuance of an order requiring the sureties to pay the total amount of the costs or to appear to show cause, if they should have any, why they should not be compelled to pay

the total amount of the costs guaranteed by them, the procedure followed in the instant case complied substantially with the requirements of a due process of law. Appellants, as sureties, had an opportunity of intervening and yet did not intervene in the lower court in the proceeding followed before it to fix the amount of the costs and attorney's fees which should be paid by the plaintiff, guaranteed by them. They had an opportunity of intervening—and they did not do it—in the appeal filed by the plaintiff against the decision approving the memorandum of costs. After said decision had been affirmed by this Court, the lower court ordered that the appellant-sureties be required—not condemned as they allege —to deposit in the clerk's office the total amount of the costs within the period of five days after being notified of said order. The sureties appeared within the period set by the court, not to pay the amount of the costs nor to set forth the reasons why they should not be condemned to comply with the obligations of the bond, but instead to file a frivolous and dilatory objection with the evident intention of retarding and hindering the defendants in the collection of the costs and attorney's fees approved by this Court. The sureties had their day in court and ample opportunity to present any legal defense which might relieve them from the payment which they were requested to make. Their allegation that they were condemned without being heard and against due process of law is completely groundless.

For the reasons set forth the appeal must be dismissed and the order appealed from affirmed.